**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE: | |
| LUIS DIAZ GONZALEZ AND<br>MYRNA OROZCO HUERTAS, | CASE NO. 17-04849 (EAG) |
| DEBTORS. | CHAPTER 7 |
| | |
| DEUTCHE BANK NATIONAL TRUST<br>COMPANY AS CERTIFICATE TRUSTEE ON<br>BEHALF OF BOSCO CREDIT II TRUST<br>SERIES 2017-1, | |
| PLAINTIFF, | |
| v. | ADV. PROCEEDING NO. 17-00272 |
| LUIS DIAZ GONZALEZ AND<br>MYRNA OROZCO HUERTAS, | |
| DEFENDANTS. | FILED & ENTERED ON 3/5/2019 |

**OPINION AND ORDER**

Plaintiff Bosco Credit VII, LCC moved the court for summary judgment against

defendants Luis Diaz Gonzalez and Myrna Orozco Huertas on its complaint to except from

discharge its claim against them under sections 523(a)(2)(A) and 523(a)(4)(B) and for denial

of discharge under sections 727(a)(2)(A) and 727(a)(4)(A) of the Bankruptcy Code.[1] [Adv. Dkt.

No. 24.] Bosco submitted a statement of material uncontested facts pursuant to Rule 56 and

---

[1]/Unless otherwise indicated, the terms "Bankruptcy Code," "section"and "§" refer to title 11 of the United States Code, 11 U.S.C. §§ 1010-1532, as amended. All references to "Bankruptcy Rule" are to the Federal Rules of Bankruptcy Procedure, and all references to "Rule" are to the Federal Rules of Civil Procedure. All references to "Local Bankruptcy Rule" are to the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Puerto Rico. And all references to "Local Civil Rule" are to the Local Rules of Civil Practice of the United States District Court for the District of Puerto Rico.

Local Civil Rule 56, made applicable to these proceedings by Bankruptcy Rules 9014(c) and 7056 and Local Bankruptcy Rules 1001-1(b) and (d). [Adv. Dkt. No. 25.] Most of the facts in the statement of facts are supported by an unanswered request for admissions served upon the defendants in accordance with Rule 36, made applicable herein through Bankruptcy Rule 7036. [Id.] Subsequently, Deutsche Bank National Trust Company as Certificate Trustee on behalf of Bosco Credit II Trust Series 2017-1 was substituted as the real party in interest for Bosco Credit II Trust Series 2017-1.  [Adv. Dkt. Nos. 33 & 36.]

The plaintiff's contention is that it has demonstrated through the proposed statement of material uncontested facts that the defendants made intentional false representations to then-mortgage creditor R-G Premier Bank of Puerto Rico Mortgage Corp. [Adv. Dkt. No. 24, pp. 1-2.]   And, that the misrepresentations were done to deceive R-G into extending a mortgage loan, guaranteed by a mortgage deed that R-G would not be able to record in the Property of Registry because the property offered as collateral did not belong to the defendants.  [Id.]

The defendants' opposition to the motion for summary judgment does not comply with the local anti-ferreting rules, which require that a nonmoving party admits, denies or qualifies the facts by reference to each numbered paragraph.  And, the defendants admit to having signed all the loan documents related to the mortgage loan, but allege that they never received any money from R-G Mortgage and that they were under the impression that the documents were "revoked." [Adv. Dkt. No. 27.]

The court cannot grant summary judgment because the plaintiff has not shown that it is entitled to a judgment as a matter of law. It is firmly established that even where a party fails to file an opposition to a motion for summary judgment, courts are nevertheless required to

2

evaluate such a motion on its merits. See <u>Cordi-Allen v. Halloran</u>, 470 F.3d 25, 28 (1st Cir. 2006) (noting that a district court is bound to review an unopposed motion for summary judgment on the merits). "The moving party has the burden to establish that it is entitled to summary judgment; no defense is required where an insufficient showing is made." <u>Roman-Perez v. Operating Partners Co. LLC (In re Roman-Perez)</u>, 527 B.R. 844, 856 (Bankr. D.P.R. 2015) (quoting <u>Lopez v. Corporacion Azucarera de Puerto Rico</u>, 938 F.2d 1510, 1517 (1st Cir. P.R. 1991)).  In summary judgment, a "moving party cannot prevail if any essential element of its claim or defense requires trial." <u>Roman-Perez</u>, 527 B.R. at 855.

Even if unopposed, the court cannot grant summary judgment because the plaintiff's request is based on dishonesty and false representations in which the defendants' intent is at issue. And, matters of intent are not appropriate for summary judgment. See <u>Mulero-Rodríguez v. Ponte, Inc.</u>, 98 F.3d 670, 677 (1st Cir. 1996) (reversing summary judgment and emphasizing that "determinations of motive and intent . . . are questions better suited for the jury.") (quoting <u>Petitti v. New England Tel. & Tel</u>. Co., 909 F.2d 28, 34 (1st Cir. 1990)). Even though intent may be inferred from facts that are uncontested, in assessing a motion for summary judgment, the court "must view the entire record in the light most hospitable to the party opposing summary judgment, indulging in all reasonable inferences in that party's favor." <u>Griggs-Ryan v. Smith</u>, 904 F.2d 112, 115 (1st Cir. 1990) (citations omitted).

In this case, the plaintiff proposes as uncontested facts that the defendants "intentionally made false representations" to R-G Mortgage as to the ownership of the property in question in order to obtain a mortgage loan, but supports that material fact with an unanswered request to admit that they made those false representations. [Dkt. No. 25 at

¶22]. Unless the court draws that inference in favor of the plaintiff, there is no action under section 523(a)(2)(A), 523(a)(4)(B), 727(a)(2)(A), or 727(a)(4)(A). And that, the court cannot do. <u>Griggs-Ryan v. Smith</u>, 904 F.2d 1 at 115.

For the above reasons, the court denies the motion for summary judgment [Adv. Dkt. Nos. 24 & 25.] A separate order is to be entered setting a pre-trial conference.

In Ponce, Puerto Rico, this 5th day of March 2019.

Edward A. Godoy
U.S. Bankruptcy Judge