**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE:<br><br>LUIS DIAZ GONZALEZ and<br>MYRNA OROZCO HUERTAS,<br><br>   DEBTORS.<br><br>_____<br><br>DEUTSCHE BANK NATIONAL TRUST<br>COMPANY AS CERTIFICATE TRUSTEE ON<br>BEHALF OF BOSCO CREDIT II TRUST<br>SERIES 2017-1,<br><br>   PLAINTIFF,<br><br>   v.<br><br>LUIS DIAZ GONZALEZ and<br>MYRNA OROZCO HUERTAS,<br><br>   DEFENDANTS. | CASE NO. 17-04849 (EAG)<br>Chapter 7<br><br><br><br><br>ADV. PROC. NO. 17-00272<br><br><br><br>FILED & ENTERED ON 12/11/2020 |

**OPINION AND ORDER**

The plaintiff brought the adversary proceeding of caption against the defendants to deny the discharge of a claim under sections 523(a)(2)(A) and 523(a)(2)(B) or to deny discharge under sections 727(a)(2)(A) and 727(a)(4)(A) of the Bankruptcy Code.[1] The court held a trial in the action over two days. For the reasons stated below, judgment will enter against the plaintiff and in favor of the defendants.

---

[1] Unless otherwise indicated, all references to "Bankruptcy Code" or to specific statutory sections are to the Bankruptcy Reform Act of 1978, as amended, 11 U.S.C. §§ 101-1532. All references to "Local Civil Rule" are to the Local Rules of Civil Practice of the United States District Court for the District of Puerto Rico.

## I.    JURISDICTION

This court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a), Local Civil Rule 83K(a), and the General Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of Puerto Rico dated July 19, 1984 (Torruella, C.J.). This is a core proceeding in accordance with 28 U.S.C. § 157(b).

## II.   PROCEDURAL BACKGROUND

Luis Diaz Gonzalez and Myrna Orozco Huertas filed on July 7, 2017 a voluntary petition under chapter 7 of the Bankruptcy Code, which was docketed as case 17-04849. [Bankr. Dkt. No. 1.] Bosco Credit VIII, LLC filed the complaint in this adversary proceeding on November 6, 2017. [Adv. Dkt. No. 1.] The defendants answered the complaint on January 9, 2018. [Adv. Dkt. No. 15.]

On August 3, 2018, Bosco Credit moved the court for summary judgment. [Adv. Dkt. Nos. 24 & 25.] The defendants opposed summary judgment on August 8, 2018. [Adv. Dkt. No. 27.] On August 15, 2018, Bosco Credit replied to the opposition. [Adv. Dkt. No. 29.]

On January 24, 2019, Bosco Credit filed a motion to substitute as the plaintiff in its stead Deutsche Bank National Trust Company as Certificate Trustee on behalf of Bosco Credit II Trust Series 2017-1. [Adv. Dkt. No. 33.]

On February 7, 2019, the defendants filed a motion to dismiss. [Adv. Dkt. No. 34.]  The plaintiff opposed on February 20, 2019. [Adv. Dkt. No. 35.]

On March 5, 2019, the court denied the plaintiff's motion for summary judgment and the defendants' motion to dismiss. [Adv. Dkt. Nos. 38 & 39.] The court then set the pretrial

2

hearing for April 25, 2019. [Adv. Dkt. No. 40.] On April 25, 2019, the parties filed their joint pretrial report. [Adv. Dkt. No. 44.]

The trial commenced on December 16, 2019 but was continued sine die due to health issues presented by co-defendant Diaz during his direct examination. [Adv. Dkt. No. 57.] The trial resumed on November 23, 2020 via videoconference due to the Covid-19 pandemic. [Adv. Dkt. No. 87.]

### III.  FINDINGS OF FACT

At the trial the court heard the testimony of Ms. Doris Gomez Lugo, a representative of Franklin Credit as the servicing agent of plaintiff Deutsche Bank, and of a co-defendant, Mr. Luis Diaz Gonzalez. The court also admitted eight exhibits into evidence. The following facts are found from the joint pretrial report filed by the parties at docket number 44, the exhibits admitted at trial, and the testimony of the witnesses (which the court finds were credible):

On September 27, 1978, the defendants executed deed number 52 before notary public José A. Lavastida to purchase property number 8,362 located in the Costa Azul development in Guayama. [Adv. Dkt. No. 44, Joint fact ¶ 1.] The Costa Azul property is recorded in the Registry of Property at page number 269 of volume 272 of Guayama, Puerto Rico. [Adv. Dkt. No. 87-3, Exhibit 1.] The defendants have resided in the Costa Azul property since 1978. [Adv. Dkt. No. 56; Testimony of Mr. Diaz on December 16, 2019.]

On May 4, 2006, the defendants sold the Costa Azul property to M.I.D. Investment Inc. for $31,950.00 pursuant to deed number 21 executed before notary public Norma E. Dávila Colón. [Adv. Dkt. No. 44, Joint fact ¶ 2; Adv. Dkt. No. 57-2, Exhibit A.] M.I.D. Investment appears as the owner of the Costa Azul property in the Registry of Property. [Adv. Dkt. No.

87-3, Exhibit 1.]  M.I.D Investment is a corporation owned by the defendants' daughter, Ms. Myrna Diaz Orozco. [Adv. Dkt. No. 56; Testimony of Mr. Diaz on December 16, 2019.]

On May 9, 2007, M.I.D Investment and the defendants signed deed number 355-A before notary public Antonio José Cruz Bonilla revoking the deed by which the defendants sold the Costa Azul property to M.I.D. Investment. [Adv. Dkt. No. 44, Joint fact ¶ 3; Adv. Dkt. No. 57-3, Exhibit B.]  The title search report of the Costa Azul property does not reflect that the revocation deed was recorded in the Registry of Property. [Adv. Dkt. No. 87-3, Exhibit 1.]

On May 19, 2007, the defendants signed a promissory note payable to the order of RG Bank in the face amount of $104,000 and mortgage deed number 392 before Public Notary Antonio José Cruz Bonilla to secure the $104,000 note with a mortgage lien over the Costa Azul property. [Adv. Dkt. No. 44, Joint fact ¶¶ 5-6; Adv. Dkt. Nos. 57-4 & 57-5, Exhibits C & D.]  The defendants submitted to RG Bank a copy of the revocation deed to evidence their ownership of the Costa Azul property and obtain the $104,000 loan. [Adv. Dkt. No. 44, Joint fact ¶ 12.] The defendants also signed on May 19, 2007 a loan settlement statement detailing the closing fees and charges of the transaction. [Adv. Dkt. No. 57-7, Exhibit F.]  The title search report of the Costa Azul property does not reflect that mortgage deed number 392 was ever recorded in the Registry of Property.  [Adv. Dkt. No. 87-3, Exhibit 1.]

RG Bank identified the transaction in its records as loan number 7565-1403791. [Adv. Dkt. No. 44, Joint fact ¶ 5.] The defendants admit to having signed all the loan documents with RG Bank for loan 7565-1403791. [Adv. Dkt. No. 56; Testimony of Mr. Diaz on December 16, 2019.]

4

The plaintiff is the current creditor of loan 7565-1403791 and holder of the mortgage note signed by the defendants. [Adv. Dkt. No. 44, Joint fact ¶ 16; Adv. Dkt. No. 56; Testimony of Ms. Doris Gomez Lugo on December 16, 2019.]

On March 16, 2017, Bosco Credit filed a complaint in the Puerto Rico Superior Court of Guayama against the defendants. [Adv. Dkt. 1, Complaint ¶ 19; Testimony of Mr. Diaz on November 23, 2020.]

On July 7, 2017, the defendants filed a voluntary petition under chapter 7 and stated in their Schedule A/B that they had no interest in any real property. [Adv. Dkt. No. 44, Joint fact ¶ 13; Case No. 17-04849; Dkt. 23, Schedule A/B.] The defendants had filed two bankruptcy petitions prior to filing the present chapter 7 case. [Adv. Dkt. No. 44, Joint fact ¶ 14.] The first case was filed on January 22, 2011 and dismissed on December 3, 2013. [Case No. 11-00382, Dkt. Nos. 1 & 114.] The second case was filed on February 3, 2016 and dismissed on May 4, 2016. [Case No. 16-00769, Dkt. Nos. 1 & 19.] The defendants never included the Costa Azul property or the mortgage loan with RG Bank in the schedules of their two prior bankruptcy cases. [Adv. Dkt. No. 44, Joint fact ¶ 15.]

M.I.D. Investment filed a voluntary petition under chapter 11 of the Bankruptcy Code on July 23, 2013 which was converted to chapter 7 on January 29, 2015. [Case No. 13-05962; Dkt. Nos. 1 & 187.] M.I.D. Investment included the Costa Azul property in its schedules. [Case No. 13-05962, Dkt. No. 1.] The property was later abandoned by the chapter 7 trustee. [Case No. 13-05962, Dkt. No. 251.]

**IV. APPLICABLE LAW AND DISCUSSION AND ADDITIONAL FINDINGS OF FACT**

**i.      Excepting from discharge under section 523(a)(2)(A)**

Section 523(a) provides that a discharge in a bankruptcy case "does not discharge an individual debtor from any debt" that falls into one of the exceptions enumerated therein. Under count I of the complaint, the plaintiff asserts that loan 7565-1403791 is excepted from discharge because it was obtained by "false pretenses, a false representation or actual fraud," acts proscribed by section 523(a)(2)(A). To prevail under section 523(a)(2)(A), a creditor must show that:

> (1)the debtor made a knowingly false representation or one made in reckless disregard of the truth; (2) the debtor intended to deceive;  (3) the debtor intended to induce the creditor to rely upon the false statement;  (4) the creditor actually relied upon the misrepresentation; (5) the creditor's reliance was justifiable; and (6) the reliance upon the false statement caused damage.

Douglas v. Kosinski (In re Kosinski), 424 B.R. 599, 615 (B.A.P. 1st Cir. 2010). If the court concludes that a creditor "failed to establish any one of the elements by a preponderance of the evidence, then the court should reject his [section 523] claim." Palmacci v. Umpierrez, 121 F.3d 781, 787-88 (1st Cir. 1997).

The plaintiff alleges that the defendants falsely or fraudulently represented to RG Bank, at the time of the origination of loan 7565-1403791, that they were the owners of the Costa Azul property even though they had previously sold it to M.I.D. Investment.  But the court concludes that the testimony and exhibits presented at trial do not establish, by a preponderance of the evidence, that fact or intention.

First, the loan transaction occurred in 2007 and the plaintiff was unable to present any witness, aside from co-defendant Diaz, with personal knowledge of the loan transaction. The court finds that Mr. Diaz was a credible witness as to what he could recall about a 13-

6

year old loan transaction.[2] He testified that at the time of the execution of the loan documents, the defendants were the owners of the Costa Azul property because they had signed a deed revoking the transfer of title to M.I.D. Investment. But Mr. Diaz testified that after the closing and on his way home he had a bad feeling about the transaction and called the notary public to instruct him to withdraw the documents and undo the revocation deed and loan transaction. He further testified that he trusted that the notary public followed his instructions.  This is consistent with the fact that the revocation deed cannot be found in the notarial archives. Mr. Diaz testified that he never received the money for loan 7565-1403791, that he never made any payments on the loan, that he never included the loan in his two prior bankruptcies, and that he only learned about the plaintiff's claim on the loan because it filed a collection action in state court ten years after the loan transaction.

The plaintiff presented as evidence the loan settlement statement but could not show whether the funds were disbursed to the defendants or whether the liens encumbering the Costa Azul property and listed in the settlement statement were cancelled with money from RG Bank. The plaintiff also presented the loan transaction ledger but could not show whether any of the payments listed in the ledger were made by the defendants.

Mr. Diaz's testimony combined with the other facts found above is enough to defeat, by a preponderance of the evidence, the plaintiff's claim for section 523(a)(2)(A) relief.

---

[2] The court notes that Mr. Diaz on the second day of trial was still recovering from a recent eye operation which prevented him during his examination from reading documents to refresh his memory. The court offered the plaintiff a continuance of the trial until Mr. Diaz's eyesight improved, but the plaintiff decided to rest its case.

### ii. Excepting from discharge under section 523(a)(2)(B)

The plaintiff also asserts a claim under section 523(a)(2)(B), which excepts from discharge debt obtained by use of a written statement that was materially false with respect to the debtor's financial condition and on which the creditor reasonably relied. To establish that a debt is excepted from discharge under section 523(a)(2)(B), a creditor must prove that: 1) the debtor made a statement in writing; 2) the statement concerned the debtor's or an insider's financial condition; 3) the statement was materially false; 4) the creditor actually and reasonably relied on the false statement; and 5) the debtor made the false statement with the intent to deceive the creditor. Again, failure to establish any one of these elements is fatal to a creditor's claim under section 523. Palmacci, 121 F.3d at 787-88.

The plaintiff repeats the same basic allegations of its section 523(a)(2)(A) claim for its section 523(a)(2)(B) claim. It alleges that the defendants submitted to RG Bank a written statement—the revocation deed—as evidence of their ownership of the Costa Azul property to obtain the mortgage loan while knowing that they were not the owners. The court already found otherwise as to the section 523(a)(2)(A) claim. For those same reasons, the court finds that Mr. Diaz's testimony combined with the other facts found above is enough to defeat, by a preponderance of evidence, the plaintiff's claim for section 523(a)(2)(B) relief.

### ii. Denial of discharge under sections 727(a)(2) & (a)(4)

"The court must grant the chapter 7 debtor a discharge unless a specific ground for denial of discharge enumerated in [section] 727(a) is proven to exist." In re Alonso, 2014 Bankr. LEXIS 4189, at *12 (Bankr. D.P.R. 2014). The party objecting to discharge bears the burden of proving the objection at trial. Fed. R. Bankr. P. 4005. "Objections to discharge should be 'narrowly construed in furtherance of the Bankruptcy Code's fresh start policy and

the claimant must show that its claim comes squarely within an objection enumerated in [section] 727(a)(2).'" Annino, Draper & Moore, P.C. v. Lang (In re Lang), 246 B.R. 463, 468 (Bankr. D. Mass.), aff'd, 256 B.R. 539 (B.A.P. 1st Cir. 2000), (quoting Small v. Bottone (In re Bottone), 209 B.R. 257, 262 (Bankr. D. Mass. 1997)).

To get a denial of a discharge under section 727(a)(2), a plaintiff must show that "(1) the debtor transferred, removed, destroyed, mutilated, or concealed (2) his or her property (or the property of the estate if the transfer occurs post-petition) (3) within one year of the petition filing date (for prepetition transfers) (4) with intent to hinder, delay or defraud a creditor." Groman v. Watman (In re Watman), 301 F.3d 3, 7 (1st Cir. 2002). And, the court must find that a debtor acted with actual intent to hinder, delay, or defraud. See, Lang, 246 B.R. at 469.

Section 727(a)(4)(A) requires denial of discharge if "the debtor knowingly and fraudulently, in or in connection with the case, made a false oath or account." "A debtor's Schedules and Statement of Financial Affairs are the equivalent of a verification under oath." Perry v. Warner (In re Warner), 247 B.R. 24, 26 (B.A.P. 1st Cir. 2000). "A debtor's failure to disclose an interest in real property would be a material false oath." Id. at 26.

In count III of the complaint, the plaintiff asserts that, if the court were to find that the Costa Azul property belongs to the defendants and not M.I.D. Investment, then discharge should be denied under sections 727(a)(2) and (a)(4).

But, as shown in the title search report admitted at trial, the Costa Azul property belongs to M.I.D. Investment. [Adv. Dkt. No. 87-3, Exhibit 1.] The plaintiff has not shown otherwise. While the deed to revoke the transfer to M.I.D Investment was signed at some point in 2007, the original deed is lost, it was not recorded in the Registry of Property, and

9

the notary public who prepared the deed is unavailable. The court also gives considerable weight to the fact that the defendants did not include the Costa Azul property in their two prior bankruptcy cases and that M.I.D. Investment did in its bankruptcy case. These facts are consistent with and buttress the testimony of Mr. Diaz that he instructed the notary public to undo the revocation deed and loan transaction and that he believes that the Costa Azul property belongs to M.I.D. Investment. They also refute the plaintiff's allegations as to the defendants' intent to conceal the Costa Azul property from creditors. As such the plaintiff has not met, by a preponderance of evidence, the requirements for relief under section 727(a)(2) or (a)(4).

A separate judgment with prejudice in favor of the defendants shall enter. The hearing set for December 14, 2020 at 11:00 a.m. via Microsoft Teams is vacated and set aside.

In Ponce, Puerto Rico, this 11th day of December 2020.

SO ORDERED.

Edward A. Godoy
U.S. Bankruptcy Judge

10